In Re: _____

XXX-XX-_____
XXX-XX-_____

Case No.: _____

Chapter 13

☐ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
   Proposed by:
   ☐ Debtor(s)
   ☐ Trustee
   ☐ Unsecured Creditor(s)

**PR Local Form G**
**Chapter 13 Plan dated _____.**

☐ If this is an amended plan list below the sections of the plan that have been changed.

_____

_____

## PART 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

**If a claim is withdrawn by a creditor or amended to an amount less than the amount already distributed under the plan on account of such claim:** (1.) The Trustee is authorized to discontinue any further disbursements to related claim; (2.) The sum allocated towards the payment of such creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. (3.) If such creditor has received monies from the Trustee (Distributed Payments), the creditor shall return funds received in excess of the related claim to the Trustee for distribution to Debtor's remaining creditors. (4.) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ Distributed by: ☐Trustee ☐Debtor(s) | $ _____ | ____ % | $ _____ | $ _____ |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
|  |  | Distributed by:<br>☐Trustee<br>☐Debtor(s) |  |  |  |  |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
|  |  | Distributed by:<br>☐Trustee<br>☐Debtor(s) |  |  |  |  |

*Insert additional claims as needed.*

3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |

*Insert additional claims as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ___% | $ _____ | $ _____ |
| | | | | Distributed by: ☐Trustee ☐Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ___% | $ _____ | $ _____ |
| | | | | Distributed by: ☐Trustee ☐Debtor(s) | |

*Insert additional claims as needed.*

3.4 **Lien Avoidance.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien*

| **Information regarding judicial lien or security interest** | **Calculation of Lien Avoidance** | | **Treatment of Remaining secured claim** |
|---|---|---|---|
| Name of Creditor | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| | b. Amount of all other liens | $ _____ | |
| Collateral | c. Value of claimed exemptions | + $ _____ | $ _____ |
| | | | Interest Rate (if applicable) |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $ _____ | [ %] |
| | | | Monthly payment on secured claim: |
| _____ | e. Value of debtor's interest in property | — $ _____ | _____ |

| | | |
|---|---|---|
| f. Subtract line e from d. | $ | Estimated total payments on secured claim<br>$ |
| Extent of exemption impairment<br>(check applicable box)<br>☐ Line f is equal to or greater than line a.<br>*The entire lien is avoided (Do not complete the next column*.)<br>☐ Line f is less than line a.<br>*A portion of the lien is avoided. (Complete the next column.)* | | |

*Insert additional claims as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of creditor** | **Collateral** |
|---|---|
| | |
| | |
| | |

*Insert additional claims as needed.*

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of Secured Creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| | | |
| | | |
| | | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☐ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (*Months*) | Modified P&I | Property Taxes (*Escrow*) | Property Insurance (*Escrow*) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| _____ | \_\_\_\_ | $ _____<br>☐ To be Pay In Full 100% | \_\_\_\_% | \_\_\_\_ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| _____ | \_\_\_\_ | $ _____<br>☐ To be Pay In Full 100% | \_\_\_\_% | \_\_\_\_ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |
| _____ | \_\_\_\_ | $ _____<br>☐ To be Pay In Full 100% | \_\_\_\_% | \_\_\_\_ | $ _____ | $ _____ | $ _____ | $ _____ | $ _____ |

*Insert additional claims as needed.*

# PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 **%** of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☐ **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition | $_____ |
| Balance of attorney's fees to be paid under the plan are estimated to be: | $_____ |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $_____ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

| Name of Priority Creditor | Estimate Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

4.6 **Post confirmation property insurance coverage**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☐ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
|---|---|---|---|---|
| _____ | _____ | _____ | $ _____ | $ _____ |
| | | | Distributed by: ☐Trustee ☐Debtor(s) | |
| _____ | _____ | _____ | $ _____ | $ _____ |
| | | | Distributed by: ☐Trustee ☐Debtor(s) | |

*Insert additional claims as needed.*

# PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |
| _____ | $ _____ <br> Distributed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor <br> (Claim No.) | Base for separate classification | Treatment <br> (to be paid prorated) | Amount to be paid on the claim <br> (if applicable) | Interest Rate <br> (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|---|
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☐ Other (Explain) _____ | $ _____ | _____ % | $ _____ |
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☐ Other (Explain) _____ | $ _____ | _____ % | $ _____ |

*Insert additional claims as needed.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ <br> Distributed by: <br> ☐Trustee <br> ☐Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____ <br> Distributed by: <br> ☐Trustee <br> ☐Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional claims as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1** **Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.

☐ entry of discharge.

☐ other: _____ .

**7.2** **Plan Distribution by the Trustee will be in the following order:**
*(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1 total) – *Arrearage Payments*
3. Distribution on Secured Claims (Part 3, Section 3.2 total)
3. Distribution on Secured Claims (Part 3, Section 3.3 total)
3. Distribution on Secured Claims (Part 3, Section 3.4 total)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.5 total)
5. Distribution on Priority Claims (Part 4, Section 4.4 total)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 4, Section 5.1)

Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.** The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

8.1.Nonstandard Plan Provisions:A nonstandard provision is a provision not otherwise included in Offic Form LBF-G or one deviating from it. Nonstandard provisions set out elsewhere in this Local Plan are adopted in this Part 8

8.2. This § modifies LBF-G, Part 3: Retention of Lien: The lien holder of any allowed secured claim provided for by the Plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 U.S.C. §1325(a)(5)(B)(i)(I)&((() until fully paid through this plan. After payment in full, Dionisio Benitez will surrender & deliver to Debtor the mortage/promissory notes for cancellation. The Court retains jurisdiction for the compliance of this section.

8.3.This § modifies LBF-G §2.3 Tax Refunds: tax refunds if any will fund plan during life of plan and base will be deemed increased accordingly without the need of Motion or Order of the Court.

8.4.This § clarifies LBF-G §3.1: Debtor will continue with direct payments as agreed with BPPR regarding POC 4. All terms as per the stipulation filed with BPPR (Dkt. 42) and approved by the Court are herein incorporated.Upon receipt of promissory note, Debtor will keep secured creditor Dionisio Benitez informed & provide evidence of the cancellation of the promissory note of BPPR.

8.5.This § modifies LBF-G §4.6: The Corporation La Fortuna has insured the collaterals (374-A and 375-B) & has named secured creditor, Dionisio Benitez as co insured since 9/3/2021. The limit of the insurance is $1M, to be renewed annually until at least completion & consumation of Plan, with notice of the renewal to Dionisio Benitez annually.

8.6. Bar to Refiling: Debtor & his non filing sibling, Marilin Prado both agree & consent to a 2 year prohibition & bar to re-filing if this bankruptcy is dismissed to allow secured creditor, and if Ms. Marilin Prado files Bankruptcy agrees to relief from automatic stay in both properties in favor of Dionisio Benitez complete the foreclosure of mortgages.

8.7.Estoppel to defense of value & others:Debtor agrees with 7/3/19 State Ct.Judgment Stipulation to waive & forgo any & all defenses that may exist or in the future not related & agreed in this Plan of property value & claim balance.

8.8.Adequate Protection Payments: Debtor agrees that such payment under the plan in case of dismissal will be forfeited & will not be credited in any fashion in case of foreclosure of the two real properties by creditor D. Benitez.

8.9.This § modifies LBF-G, §3.7:In addition to the $339,500 of POC 5, Trustee will pay Dionisio Benitez $30,000 as as agreed present value adjustment, interest on claim #5 and agreed to present value interest over poc #5.

## PART 9: Signature(s)

/s/Ada M. Conde — Date 04/24/2022

**Signature of attorney of debtor(s)**

/s/Juan Carlos Prado Nicasio — Date 04/24/2022

______________________ **Date** ____________

***Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)***

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 19-06224 MCF |
|---|---|
| JUAN CARLOS PRADO NICASIO | CHAPTER 13 |
| Debtor | |

## UNSWORN DECLARATION
### DECLARACION NO JURAMENTADA

**COMES NOW, MARILIN PRADO NICASIO,** of legal age, single, sister of debtor in the instance case I **DECLARE** that:

YO, MARILIN PRADO NICASIO, mayor de edad, soltera, hermana del deudor en este caso, DECLARO que:

1. I am the sister of Debtor in the instance case.

Soy la hermana del deudor en este caso.

2. Mr. Juan Carlos Prado Nicasio and the undersigned are owners of two commercial properties located at 375-A and 375-B at Hill Brothers, San Juan

El Sr. Juan Carlos Prado Nicasio y la suscribiente somos dueños de dos propiedades comerciales localizadas en 275-A y 375-B en Hill Brothers, San Juan.

3. I agree and consent to a lift of the automatic stay in both properties and the debt with Dionisio Benitez, in the instance my brother bankruptcy case is dismissed and if I file a bankruptcy petition on or before two years of the date of dismissal.

Yo acuerdo y consiento a que se levante la paralización automática en ambas propiedades y de la deuda de Dionisio Benitez, en el caso que la quiebra de mi hermano se desestime y yo radique una petición de quiebra en o antes de dos años de la fecha de la desestimación.

4. That all that I have declared is the true.

Todo lo declarado es cierto.

I, **MARILIN PRADO NICASIO,** under penalty of perjury declare that the foregoing information is true and correct to the best of my knowledge, information, and belief.

YO, MARILIN PRADO NICASIO, bajo pena de perjurio declaro que la información provista es la verdad y correcta a mi mejor conocimiento, información y creencia.

In San Juan, Puerto Rico this April 23, 2022.

En San Juan, Puerto Rico, a 23 de abril de 2022.

*[signature]*

**MARILIN PRADO NICASIO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-06224 MCF |
| JUAN CARLOS PRADO NICASIO | CHAPTER 13 |
| Debtor | |

### STATEMENT OF PURPOSE AND CERTIFICATE OF SERVICE OF AMENDED CHAPTER 13 PAYMENT PLAN DATED APRIL 24, 2022

**I HEREBY CERTIFY and STATE** that: the purpose of the amended Chapter 13 payment plan dated February 24, 2022 is to amend §8.6 to increase the time of bar to refile to two years and includes the letter from Debtor's sister and co-owner that agrees to the time to bar to refile and §8.9 to clarify that the payment of principal and interest resulting the over secured portion of POC 5 of Dionisio Benitez is in addition to the payment in full of POC 5 ($339,500) and that will be paid by the Trustee.

That on this April 24, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

- **JOSE RAMON CARRION MORALES**   newecfmail@ch13-pr.com
- **ADA M CONDE**   courtnotices1611@gmail.com, 1611bank@gmail.com;1611lawandjustice@gmail.com;estudiolegalpr@yahoo.com;condeprlaw@gmail.com;condebank@gmail.com;CONDEAR53874@notify.bestcase.com
- **CARMEN PRISCILLA FIGUEROA**   cfigueroa@crimpr.net, cpfbkcy@gmail.com
- **MONSITA LECAROZ ARRIBAS**   ustpregion21.hr.ecf@usdoj.gov
- **LYSSETTE A MORALES VIDAL**   lamoraleslawoffice@gmail.com, irma.lamorales@gmail.com;LYSSETTEMORALESLAWOFFICE@jubileebk.net
- **JOSE J SANCHEZ VELEZ**   jsanchez@bdslawpr.com, bankruptcy@bdslawpr.com
- **EDUARDO M VERAY**   eduardo.veray@popular.com, eduardoveray@gmail.com

**NOTICE**

Notice is hereby given to **ALL CREDITORS AND ALL PARTIES WITH INTEREST** to file an objection to the amended Chapter 13 payment plan dated April 24, 2022, in twenty one (21) days. If an objection is not filed the Court, after considering the grounds of this motion, these amendments could be granted.

**CERTIFICATE OF SERVICE**

**AND I HEREBY CERTIFY** that I have mailed by United States Postal Service the amended Chapter 13 payment plan dated April 24, 2022, to the non-CM/ECF participants and to all creditors and parties with interest as per the attached master address list.

In San Juan, Puerto Rico, on April 24, 2022.

/s/ *Ada M. Conde*
ADA M. CONDE, ESQ. USDCPR 206209
Law and Justice for All, Inc
PO Box 13268, San Juan, PR 00908
Tel: 787-717-7355/787-721-0401
Email: 1611lawandjustice@gmail.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-06224-MCF13<br>District of Puerto Rico<br>Old San Juan<br>Mon Jan 10 18:25:02 AST 2022 | BANCO POPULAR DE PUERTO RICO (BDS)<br>BERMUDEZ, DIAZ & SANCHEZ LLP<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 | BANCO POPULAR PR - SPECIAL LOANS<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 |
| CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5387 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 |
| BANCO POPULAR BANKRUPTCY DPT.<br>PO BOX 366818<br>San Juan, PR 00936-6818 | BANCO POPULAR DE PUERTO RICO<br>BERMUDEZ DIAZ & SANCHEZ LLP<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 | BANCO POPULAR HIPOTECAS<br>PO BOX 71375<br>San Juan, PR 00936-8475 |
| BANCO POPULAR SPECIAL LOANS<br>PO BOX 362708<br>San Juan, PR 00936-2708 | Banco Popular de Puerto Rico<br>Special Loans Department (749)<br>PO Box 362708<br>San Juan, PR 00936-2708 | CENTRO DE INGRESOS MUNICIPALES<br>PO BOX 195387<br>San Juan, PR 00919-5387 |
| DEPARTAMENTO DE HACIENDA<br>NEGOCIADO DE RENTAS INTERNAS<br>PO BOX 9024140<br>San Juan, PR 00902-4140 | DIONISIO BENITEZ RODRIGUEZ<br>Venus Gardens Norte<br>1695 Calle Chichuahua<br>San Juan, PR 00926-4640 | JOSE CHARLIE MALDONADO<br>CALLE JULIO ANDINO 642<br>URB. VILLA PRADES<br>San Juan, PR 00924-2107 |
| MARILIN PRADO NICASIO<br>CALLE GALAPAGOS 877-A<br>URB. COUNTRY CLUB<br>San Juan, PR 00924-1735 | MARYLIN PRADO NICASIO<br>CALLE GALAPAGOS 877-A<br>URB. COUNTRY CLUB<br>San Juan, PR 00924-1735 | (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 |
| SEARS PREMIER CARD<br>PO BOX 183114<br>Columbus, OH 43218-3114 | Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | V. SUAREZ & CO.<br>PO BOX 364588<br>San Juan, PR 00936-4588 |
| ADA M CONDE<br>1611 LAW AND JUSTICE FOR ALL INC<br>PO BOX 13268<br>SAN JUAN, PR 00908-3268 | DIONISIO BENITEZ RODRIGUEZ<br>VENUS GARDEN NORTE<br>1695 CALLE CHIHUAHUA<br>SAN JUAN, PR 00926-4640 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 |
| JUAN CARLOS PRADO NICASIO<br>CALLE PEREIRA LEAL 631<br>COND. JARDINES DE VALENCIA<br>APARTAMENTO 1110<br>SAN JUAN, PR 00923-1935 | LYSSETTE A MORALES VIDAL<br>LYSSETE MORALESLAW OFFICE<br>76 CALLE AQUAMARINA URB VILLA BLANCA<br>CAGUAS, PR 00725-1908 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PENTAGON FEDERAL CREDIT UNION
PO BOX 1432
Alexandria, VA 22313-2032


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)CRIM                                 End of Label Matrix
PO BOX 195387                           Mailable recipients    26
SAN JUAN, PR 00919-5387                 Bypassed recipients     1
                                        Total                  27